UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL ANGEL RAMIREZ,<br><br>　　　　Petitioner,<br>　v.<br>JAMES DZURENDA, *et al.*,<br><br>　　　　Respondents. | Case No. 3:21-cv-00439-MMD-WGC<br><br>ORDER |

This habeas matter is before the Court on *pro se* Petitioner Miguel Ramirez's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and his petition for writ of habeas corpus (ECF Nos. 1-1, 1-2 ("Petition")) for an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the Petition.

**I.    BACKGROUND**

The Eighth Judicial District Court for Clark County ("state court") entered a judgment of conviction for conspiracy to commit sexual assault, kidnapping in the first degree, sexual assault, and open or gross lewdness and sentenced Ramirez to 81 years in the aggregate on June 1, 1987. *See State v. Miguel Ramirez*, Case No. 86C075318-2.[2] Ramirez represents that he was released on parole on October 25, 2010. (ECF No. 1-1 at 12.) A parole revocation hearing was held on November 3, 2015 and the Nevada Board of Parole Commissioners ("Parole Board") revoked Ramirez's parole. (*Id.*) Ramirez filed a state postconviction writ of habeas corpus and the state court denied Ramirez's postconviction

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

petition. Ramirez appealed and the Nevada Court of Appeals reversed and remanded, finding that the state court improperly applied procedural bars and dismissed Ramirez's petition without considering whether Ramirez was afforded due process protections deliniated in *Morrissey v. Brewer*, 408 U.S. 471 (1972).

Ramirez filed a supplemental state postconviction writ of habeas corpus and the state court denied his supplemental petition. Ramirez appealed and the Nevada Court of Appeals reversed and remanded to the state district court to grant the writ and order the parole board to hold a new revocation hearing. In May 2020, the parole board held a revocation hearing, and found Ramirez violated parole, and granted him credit for time served. (ECF No. 1-1 at 14.) Ramirez appealed and the Nevada Court of Appeals dismissed the appeal finding that no statute or court rule provides for an appeal from a decision of the parole board and that the state district court did not preside over a parole revocation proceeding or render a decision resolving a parole revocation matter. Ramirez alleges in his Petition his detention from 2015 to January 2020 was unconstitutional and a fundamental miscarriage of justice.

Ramirez provides that he was released from custody. An examination of the records of the relevant state courts in this case and a search using the inmate locator tool on the Nevada Department of Corrections' website[3] verify that Ramirez is currently not in custody.

## II.   IFP APPLICATION

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Although Ramirez submitted the required form, Ramirez paid the filing fee on October 26, 2021. (ECF No. 3.) The Court therefore denie his IFP application (ECF No. 1).

///

---

[3]The inmate locator tool may be accessed online at: https://ofdsearch.doc.nv.gov/.

## III. DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Courts may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state inmate is entitled to federal habeas relief only if he or she is being held in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993). In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the official decision-making and (2) contains explicitly mandatory language, *i.e.*, a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. *See, e.g., Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

///

Although Ramirez mentions "due process," "equal protection," and "cruel and unusual punishment" in the Petition, his claims present no federal question because they plainly involve the application or interpretation of state law regarding his parole revocation hearings. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Moreover, Nevada inmates possess no liberty interest in being released on parole. *See Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010). Ramirez's claims are questions of state law and therefore not cognizable in federal habaes corpus proceedings.

In addition, in order to obtain habeas relief under Section 2254, Ramirez must demonstrate that he is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). The Court notes that Ramirez's claims also appear non-cognizable in federal habeas because success on the merits "would not necessarily lead to immediate or speedier release."[4] *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). Accordingly, as Ramirez was not in custody when he filed his federal Petition as contemplated by 28 U.S.C. § 2254, the Court lacks jurisdiction to grant him habeas relief.

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that Petitioner Miguel Ramirez is denied a certificate of appealability as jurists of reason would not find the dismissal of the petition to be debatable or wrong.

It is further ordered that Ramirez's application to proceed *in forma pauperis* (ECF No. 1) is denied.

///

---

[4] A claim is cognizable under Section 2254 only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.*

1  The Clerk of Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, is directed to make an informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further directed to enter a final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 30th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE